937 F.2d 616
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Ernest G. MOORE, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION, and Warden, USP-Leavenworth,
Respondents-Appellants.
 No. 91-3132.
 United States Court of Appeals, Tenth Circuit.
 July 5, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Defendant Ernest Moore appeals from the district court's dismissal of his habeas corpus petition in which he complains of false imprisonment. He contends he was entitled to mandatory parole in February 1989 and discharge in June 1990 from his federal prison sentence. The case is pending before us upon Mr. Moore's application for a certificate of probable cause.
 
 
 2
 Mr. Moore was sentenced in 1977 to a twelve-year federal prison term for attempted bank robbery. In August 1983, with sixty-eight months of his sentence remaining, he was released on parole. In 1985, Mr. Moore was convicted of two felonies in Oregon and sentenced to a twenty-five year state prison term. The U.S. Parole Commission lodged a parole violation warrant as a detainer with state prison officials. In August 1988, the state transferred Mr. Moore to the United States Penitentiary at Leavenworth to serve the remainder of his state sentence, as authorized under 18 U.S.C. Sec. 5003.
 
 
 3
 On July 18, 1989, after a parole revocation hearing, the Commission issued the following order regarding Mr. Moore:
 
 
 4
 1. Revoke parole.
 
 
 5
 2. None of the time spent on parole shall be credited. The unexpired portion of the original sentence shall commence upon release by parole or mandatory release from the state sentence or upon re-parole from the original federal sentence.
 
 
 6
 3. Continue to a presumptive re-parole on April 17, 1991 after the service of 72 months.
 
 
 7
 Defendant asserts he was entitled to mandatory reparole in February 1989 and to discharge in June 1990 from his federal sentence. His calculations suffer from several errors, but the fatal flaw is his assumption that the remainder of his federal sentence, his parole violator term, has been running concurrently with his state sentence since 1985. Contrary to defendant's assertion, Moody v. Daggett, 429 U.S. 85 (1976), does not hold that when the Commission revokes parole the original sentence is reinstated and runs concurrently with the new sentence; it merely recognized that the Commission has the option to grant retroactively the equivalent of concurrent sentences. Id. at 87.
 
 
 8
 The defendant also confuses the Commission's grant of credit for fifty months he had served on his state sentence for purposes of determining reparole eligibility with a grant of credit for his violator term. Under 28 C.F.R. Sec. 2.21(c), the Commission must consider time spent in custody for reparole guideline purposes, but the provision specifically states this does not affect the expiration of the violator term. Defendant seeks an explanation of "when a parole violator ... is serving a violator term as opposed to a reparole guideline term...." There is no such thing as a "reparole guideline term;" the reparole guidelines simply provide that time in custody should be considered in calculating the appropriate date for reparole. The violator term is the remainder of the sentence after parole has been violated.
 
 
 9
 Defendant has not been falsely imprisoned beyond the term of his federal sentence because the Commission decided, in accordance with 28 C.F.R. Sec. 2.47(e)(2), that the violator term would not commence until parole or release from the state sentence or reparole from the federal sentence. Defendant has not been released from confinement for his state offenses,[1] and his tentative federal reparole date was April 1991. Therefore, his remaining federal sentence of sixty-eight months cannot have expired yet. Nor is he eligible for parole from his violator term yet. Although 28 C.F.R. Sec. 2.53(d) provides that a prisoner whose violator term is five years or more is eligible for mandatory parole upon completion of two-thirds of the violator term, that section is not applicable yet because defendant has not served that portion of his violator term.
 
 
 10
 Finally, defendant complains that the district court "failed to explain what constitutes execution of a violator warrant and, whether under the circumstance of appellant's case, the warrant was executed." The defendant apparently argued to the district court that the warrant was executed and his violator term began running when he was moved to a federal prison in 1988. The district court correctly concluded the federal authorities did not execute the warrant at that time; they only took custody of the defendant as a state boarder.
 
 
 11
 As a consequence of these conclusions, we hold Mr. Moore has failed to make a substantial showing of the denial of a federal right necessary for the issuance of a certificate of probable cause under 28 U.S.C. Sec. 2253. His application for such a certificate is DENIED, Barefoot v. Estelle, 463 U.S. 880 (1983), and the appeal DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant erroneously insists his transfer to the federal penitentiary in Leavenworth constituted a release from his state sentence. The record shows the state contracted with the federal prison to board the defendant for the remainder of his state sentence
 Defendant's appellate brief also states the transfer violated Or.Rev.Stat. Sec. 421.210 (1989). That section merely authorizes the transfer of inmates to contract institutions.